### INDEPENDENT FRUIT CO. v. PLATT PRODUCE CO. (No. 8782.)*

(Court of Civil Appeals of Texas. Dallas. March 17, 1923. Rehearing Denied April 14, 1923.)

1. Sales ⟨key⟩52(2)—Admission in evidence of telegrams between seller and buyer, passing through intermediary broker culminating in sale of goods, held not error in action by seller.

Seller wired broker a quotation on shipment of potatoes, and broker communicated the offer to buyer, who in turn wired a counter proposal to seller through broker; seller accepted the counter proposal, notifying the broker, who confirmed the sale by telegram to each party; buyer refused to accept delivery on ground potatoes were not as specified. *Held*, in an action by the seller, admission of telegrams communicating counter proposal to seller, and one confirming the sale and the other sent by seller accepting sale, was not error, being inseparably connected with the transaction and bearing on the issues.

2. Brokers ⟨key⟩94—Broker acting to bring parties together is agent of both parties.

When a broker is employed to effect a purchase or sale he becomes the agent of the party who first employed him, but in so far as his acts are such only as to bring the parties together and complete the contract by conveying propositions and counter proposals, he acts as a middleman and is the common agent of both parties.

3. Evidence ⟨key⟩121(1) — Testimony of self-serving statements, when connected with transaction so as to form part of it, is admissible as res gestæ.

Testimony in the nature of a self-serving statement, because it proceeds from a party or an agent, may be so connected with the subject-matter of a suit as to be admissible as evidence, in which case its abstract self-serving nature ceases to control the rule of admissibility, and it is admitted in evidence as being in the nature of res gestæ.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by the Platt Produce Company against the Independent Fruit Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Cockrell, McBride & O'Donnell, of Dallas, for appellee.

HAMILTON, J. [1-3] We adopt the statement of the nature and result of the suit made by appellant as follows:

"This is a suit by Platt Produce Company against Independent Fruit Company. Plaintiff alleges that defendant purchased from it a carload of potatoes, and thereafter, upon tender of delivery, the defendant refused to accept; that plaintiff resold potatoes on the market at the best obtainable price. This suit is for the difference between the alleged contract price and the proceeds of the sale. The defendants allege that they purchased genuine Burbank potatoes, and that the plaintiff did not tender this character of potatoes, but ordinary California "whites," which are inferior in grade, both of which allegations were denied by plaintiff, who alleged that there was no specification of genuine Burbank potatoes in defendants' order, while, on the other hand, the potatoes actually tendered were of a grade known to the trade as Burbanks.

"The jury found, on the one hand, that the potatoes tendered were not genuine Burbanks, but that the plaintiff did not represent that they would be. The court rendered judgment for plaintiff for approximately the amount sued for, there being no question as to the amount if plaintiff should show a right to recover."

Texas Distributing Company, a Dallas broker, received from appellee a quotation on a shipment of potatoes and submitted it to appellant. It was claimed that appellant refused to accept the offer and made a counter

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction June 13, 1923.

proposition at the instance of the broker. This proposition was wired to appellee by the broker. In reply, appellee authorized the broker, Texas Distributing Company, to make the sale in conformity with the offer submitted to appellee by the broker. A telegram purporting to be a confirmation of the sale thus made in conformity with the offer on appellant's part was sent to appellee and, according to evidence introduced in behalf of appellee upon the trial of the case, was promptly mailed to appellant also. The evidence was positive and unequivocal that a copy of the confirmation was mailed to appellant at the time it was sent to appellee. Sam Margules, owner of appellant, Independent Fruit Company, testified that he made the offer for a carload of California Burbank potatoes and refused to accept the shipment because it did not contain this variety of potatoes but one of a different and inferior quality—that is, California "white" potatoes. He testified that he did not know whether or not he received a confirmation of the sale as claimed on behalf of appellee; he stated he did not remember seeing a written confirmation, but would not say that he did not receive it. He also testified that it is customary for brokers to confirm such sales by writing.

The telegram, wherein Texas Distributing Company communicated to appellee an offer to buy the brand of potatoes shipped at the price quoted, was offered in evidence over appellant's objection. A copy of the broker's confirmation of the sale was offered in evidence over appellant's objection, as was a copy of appellee's telegram to the broker accepting the offer wired to appellee by the broker as having been made by appellant.

The introduction of this evidence constitutes the sole basis of complaint on this appeal. We do not think the admission of the evidence constituted reversible error. All the instruments bear the same date. That first above mentioned was but the communication of a counter offer by the broker, claimed to have been made by appellant. The second one was the broker's confirmation, a copy of which he testified he mailed to appellant and receipt of which appellant did not deny. The third one was the seller's confirmation. All these seem to us to constitute material matters inseparable from the transaction claimed by appellee to constitute the basis of its recovery. They have particular reference to, and reflect an expression of, the asserted contract made the basis of suit by appellee.

While the broker bore the relation of an agent to appellee in the transaction, yet, the telegrams being contemporaneous with the making of the claimed agreement, and being the means of communication in effecting it, we think that all of them had a bearing on the issue rendering them admissible. While they partake of the nature of self-serving instruments, being in a sense communications between a principal and his agent, yet they appear to have constituted the sole and exclusive method by which appellee arrived at its final understanding of the transaction.

When a broker is employed, he becomes the agent of the party who first employs him, but, in so far as his acts are such only as to bring the parties together and complete the contract by conveying propositions and counter propositions, he acts rather as a middleman, and, accordingly, in that respect is the common agent of both parties. Hobart v. Lubarsky, 215 Mass. 528, 102 N. E. 936; Schlesinger v. Ry. Co., 87 Mo. 146; 9 C. J. 518. Such, it seems to us, was the position of the broker in sending and receiving the telegrams, the admission of which in evidence is complained about by appellant. To the extent that the broker acted in sending and receiving telegrams in bringing the parties together, we are inclined to the opinion that the nature of the evidence as being self-serving was modified. However, treating the Texas Distributing Company strictly as appellee's agent in sending and receiving the messages so as to render them primarily of the nature of self-serving statements, they are nevertheless admissible for the reason that they were necessarily a part and parcel of the transaction. Testimony partaking of the nature of a self-serving statement, because it proceeds from a party or his agent, may nevertheless be so connected with, and so form a part of, the matter of the suit as to be admissible as evidence. In such circumstances, its abstract self-serving nature ceases to control the rule of admissibility, and it is admitted in evidence as being in the nature of res gestæ. Evans v. McKay (Tex. Civ. App.) 212 S. W. 680; Kansas City Life Ins. Co. v. Elmore (Tex. Civ. App.) 226 S. W. 709.

Furthermore, the proof tending to show that a copy of the broker's confirmation was sent to appellant at the time acceptance was wired to the broker by appellee, appellant was placed in the position of a party in whose presence the exchange of communications was had.

The judgment is affirmed.